if the petitioner is ready. I see petitioners here in person and the government is here by video. So we're ready to hear from you. Good morning. Good morning. If I may, I'd like to reserve four minutes for rebuttal. All right. Can you tell us who you are and your appearance for the record? I am Conrad Scott, counsel for petitioner Rafael Pereira-Alvarez. Thank you. You may proceed. Your Honors, and may it please the Court, the BIA legally erred when it dismissed Reverend Pereira's petition. It applied the wrong legal standard in treating an omission from a written form as false testimony, and in making the finding that he testified falsely at his hearing, the agency made a series of legal errors that tainted that decision, including failing to consider evidence, misconstruing the evidence that it considered, and failing to offer a reasoned and should grant the petition and remand for the BIA to readdress Reverend Pereira's eligibility for relief under the correct legal standards. So you've got a jurisdictional issue that you need to get passed, right? That's exactly where I was going to start, Your Honor. All right. So that's the elephant in the room here, so maybe we can spend some time on that, and I think we asked the parties to address Wilkinson v. Garland as well. Yes, Your Honor. So Congress no doubt circumscribed judicial review of certain orders respecting cancellation of removal and other forms of discretionary relief, but in so doing, it also made explicit that nothing in that judicial review bar should be construed as precluding review of constitutional claims or questions of law when raised, as here, on a petition for review. Our petition raises numerous questions of law that this Court can and should review. The most obvious of these is whether the agency applied the correct legal standard, but even the finding that he testified falsely at the hearing presents a number of legal questions that this Court can still review. So if you're hanging your hat on legal questions to pierce the jurisdictional issue, Wilkinson doesn't appear that it's going to either help or hurt you because that's on the mixed question of law and fact. You're hanging on the law, right? My understanding, Your Honor, is that a mixed question of law and fact is a legal question for purposes of the 1252 A2D bar, and I think that the first question that we're raising, the one about whether the agency applied the correct legal standard, is somewhat analogous to the question presented in Wilkinson. I don't think Wilkinson is a perfect fit, and I don't know that that case is going to be dispositive of anything that's raised here, most notably because the question presented in Wilkinson of whether a certain set of facts amount to exceptional and exceptional and extremely unusual hardship, the argument may be made, and I think the government's making the argument there, that that standard is so kind of discretionary that, you know, that may not be a legal question even if, you know, application of the 1101F factors. So, for example, here the false testimony bar would present a legal question. Well, while many people would love to forget their ex-spouse's name or existence, the Ninth Circuit views the question of whether false testimony was given as a factual determination. Do you have any authority suggesting it can be a legal issue? Well, I think that the question of whether or not there was testimony, if it's just a question of there's mixed evidence in the record and how the agency weighed that evidence, I think we would say that that is a factual question. That's not dispositive, though, of the issue here, because I think that, you know, as regards to the written omission, I think that's a legal question because it involves the application of a legal standard to facts. And then as to the... When you say the written omission, didn't the court below say they specifically were not considering that omission on the written document for purposes of the false testimony? The BIA in its decision, when it got the second bite of the apple, the BIA expressly declined to rely on the IJ's finding. The IJ had relied on a statement made by former counsel before the IJ admitting that the third marriage to Ms. Reyes was a sham marriage. The BIA on remand continued to rely expressly on the omission of Ms. the second wife's name from the written form. But it seems that your argument is that the agency concluded that the petitioner provided false testimony because of the omission in the form, where he identified two former spouses, but not his first former spouse, who was the mother of his two children with whom he was residing at the time. But I read that a little differently. I thought that the agency explicitly said that he testified falsely under oath in the hearing when he was asked a specific question of were you married twice before as sham marriages, and he said no. And they viewed that as the false statement, and then they looked to other evidence to determine whether his statement in court was false. Why is that impermissible? I mean, why can they not consider the testimony of others, his out-of-state court statements, reports, other matters when concluding whether his in-court testimony was truthful? Well, just to start with how the BIA's decision reads, we would read that decision as resting the false testimony finding on both bases, on both the omission of the name from the written form as false testimony. Does that matter? I mean, if there's a false statement under oath in court, he's asked a specific question, and the agency concludes that he provided false testimony in response. Why does that not satisfy the statutory bar? I think that there's still legal problems with how the agency determined that he testified falsely under oath, and I think the court can review those legal questions. But those questions about weighing the evidence, et cetera, really seem like you're asking us to re-weigh the evidence, which is a factual determination, and decide if there was enough evidence for the agency to conclude that the statement was false, or if the agency put the emphasis on the correct portion of the evidence. All of that seems to just smack you in the face as a factual determination for the agency. We're not asking this court to re-weigh the evidence. What we're saying is that the BIA... If you are asking us to re-weigh the evidence, hypothetically, are you out of luck? If that's all you're asking for, are you out of luck? If all we were asking was for the court to re-weigh evidence that was properly in the record, and where there wasn't a question about whether that evidence amounted to a violation of the legal standard, then I think the judicial review bar would be a very serious problem for us. But that's not what we're asking. Let me ask you this, too, just sort of on that. It appears that you're asking us to look to the adverse credibility case law as the standard for the BIA's determination of false testimony. And why is that an appropriate reference? Because it appears to me that false testimony is different than adverse credibility, and you're citing adverse credibility case law. Well, I think that if there are legal problems with how the agency makes an adverse credibility determination, those legal problems may also be, you know, present in how the agency makes a false testimony. But this is not, would you concede, this is not an adverse credibility case? There is, they did not make an explicit adverse credibility determination. That's correct. Now, just to return to your point, Judge Beatty, you know, I think that, excuse me. Go ahead and get water if you need water. Thank you, I'll try to manage. I've coughed through many closing arguments in my life, so it's okay. I think the point, and it might help to analogize this case to kind of a procedural versus substantive distinction. If what we were doing was just asking the court to reweigh genuinely conflicting evidence on both sides, then I think that would be a factual challenge. What we're saying is that the agency should have had the full record, the proper record before it when it was making its decision. It should have considered that full record when making its decision, and it should have explained its decision in a reasoned way. I think those are both legal challenges in that they don't necessarily require a conclusion that the agency's decision. It's just it needs to follow the right process, and that's why I think that those are fundamentally legal rather than factual arguments. When you say that the agency was required to consider the full record, is that circling back to applying the standards from an adverse credibility determination that the agency was required to advise the petitioner of what they perceived as a conflict and give them an opportunity to respond? I think that that is part of the basis for the argument that the agent, the process by which the agency reached that factual finding was legally erroneous. I don't think that's the only reason that the agency's finding was legally erroneous. I think that the failure to consider evidence is a separate basis for concluding that the factual determination that he gave false testimony. And what evidence specifically did they fail to conclude to, excuse me, to consider? Well, there's no evidence in the record that he attempted to adjust his immigration status on the basis of that marriage. And that's a fact, for example, that the agency here does not appear to have considered. Is your best argument that the agency did not provide a reasoned decision? I think that's one of our arguments that's strong. I would say our best argument, and I understand it may be a hard sell to persuade Judge Beatty on this one at this point, but I think our best argument is that the agency treated an omission from a written form as false testimony. And that's just a clear legal error in light of Congress and this Court's decision in Ramos. I'd like to ask you one last question before we let you reserve time. What specific language in Pereira Alvarez's briefing to the BIA shows that he raised these arguments regarding the false testimony finding to the BIA? And if these are true, why was he then exhausted? Your Honor, I think it's important to note he was proceeding pro se before the BIA. He challenged the IJ. It's important, but you still got to raise things. And I believe that he was — he challenged the IJ's decision. And to the extent the IJ based its decision solely on one factor, then I think that the fact that he was challenging that decision necessarily means he was — that he was challenging that factor. I think more importantly, the BIA also twice assessed the validity of the reasons on which the IJ relied in finding that he gave false testimony for the purposes of Section 1101 and twice upheld the IJ, although on somewhat different reasoning both times. And so the fact the BIA already addressed those reasons is sufficient to exhaust it. Do either of my colleagues have questions, or may he reserve the balance? You can reserve the balance. I reserve the balance of my time. Rebuttal. Thank you. All right. We're ready to hear from the government. Good morning. Good morning. May it please the Court, Vanessa Otero on behalf of the Attorney General. Can you hear me okay? I can hear you great. Can you hear her okay? Can you — all right. Looks like we can all hear you just fine. Whether we agree with you, well, that might be a different thing, but we can hear you loud and clear. Good morning. Thank you. Good morning. So, Your Honors, the issue here is whether the Court lacks jurisdiction under Section 1252A2BI to review the agency's factual determination that Petitioner lacked the required good moral character for cancellation of removal and voluntary departure because he testified falsely at the hearing with the intent to obtain immigration benefits. This Court should apply the Supreme Court's decision in Patel and how it has interpreted Patel in its own recent decisions in Ochoa and unpublished decisions in Arellano Cruz and Elms Mariano to conclude that it does, in fact, lack jurisdiction to review the agency's decision. So, do you think Wilkinson will affect us? Do we need to wait for Wilkinson, or what's your position on that? The government's position is that it's not necessary to stay the case pending Wilkinson because, as pointed out earlier, that case — the issue is very discreet in there, and that's whether the hardship determination there is a mixed question of law and fact, and mixed question of law and fact has been defined as the application of fact to — sorry, the application of law to undisputed facts, whereas here it's clearly obvious that the facts are in dispute, and all of Petitioner's arguments really are just factual challenges. They are not legal questions, and they don't pose a mixed question of law and fact because he is disputing the facts. Well, it's a little bit — there's not a lot of case law on looking at false testimony, and so are there any cases that discuss how the BIA should evaluate whether testimony is false, and do you agree or disagree with the Petitioner that we should look to the adverse credibility case law for guidance? So, help me on that. I'm not sure that there is — I agree. I don't think there's a ton of case law on what is or isn't false testimony. What I can say is that it's a mandatory bar to cancellation of removal, and I think it is similar to an adverse credibility determination. I don't think you can really — it's a super fine line. I don't know that you can distinguish them that much. I don't think adverse credibility cases apply here, and I don't think we even need to get there because in this case, it's so obvious how the agency reached its decision, and it was really just based on what he testified to at the hearing, how they didn't believe his response to the one question. As Judge Beatty pointed out earlier, did you get married twice? Did you enter into two sham marriages? And he said no, and then he went on to not be able to remember his second wife's last name, and then his own son couldn't remember the second wife, and so it was really all about how he testified at the hearing and how they just really just didn't believe him. They thought that he was lying. Now, under the applicable regulation, the petitioner has the burden of proof in this sort of specific circumstance, so when one of the mandatory bars for relief applies, the alien or the noncitizen has the and that's 8 CFR 1240.8D. But if we have to apply the adverse credibility, then don't we have to let him address the inconsistencies? Your Honor, our position is that you don't have to apply the adverse credibility. My point is that I think it is similar to that. I think it is similar to an adverse credibility decision, but I don't think we even need to get to adverse credibility law in this case because it's so plainly obvious what happened at the hearing, and because Patel is so on point here, the court doesn't have jurisdiction to review his arguments because they're all factual disputes. Further, I'd like to point out that this... Would you agree with me there's case laws a little sparse on how we evaluate false testimony? It is a little sparse, but it's also obvious that this court has found no jurisdiction to review this specific type of good moral character finding recently in two unpublished decisions that we cited in our 28J letter. So it's not... I'm sorry, I have a procedural question for you. When the petitioner receives a notice for the hearing, what does that include? Does it advise the petitioner of the charges of removability? What does it say? What would the petitioner know going into the hearing? Well, his notice to appear, is that what you're talking about, or the notice of hearing? No, so he had applied for cancellation of removal, and there was a hearing to consider that, but did he have any notice going in that the agency believed that there was a sham marriage involved? Yes, that was one of the charges in the notice to appear, that DHS had found him, that he was in a sham marriage with respect to his third wife. That was one of the factual allegations in the notice to appear. Then he was asked at the hearing to acknowledge, are you aware that you're here because of DHS's sham marriage finding? And he said yes, so he was fully aware of that. Okay. The removability charge is slightly different, but he's not charging, he's never challenged removability, and he's never challenged the notice to appear or any of the allegations in there. So really the issue is very discreet in whether the court has jurisdiction to review the agency's denial of cancellation of removal, and it's already found in two recent unpublished decisions that it can't because it falls very squarely within Patel's no review of factual determinations. So how do you respond to the petitioner's claims that you forfeited any exhaustion argument by failing to raise it when the case was previously before this court, and didn't the BIA address the merits of the false testimony finding and therefore don't we have the ability to review even if the petitioner did not previously raise the arguments before the agency? I think the best way to address that is because this court has jurisdiction to determine its own jurisdiction, I don't even think we need to get to the exhaustion arguments. Our position is still that he didn't exhaust these very specific arguments he's making now to the court, he didn't exhaust them before the board, that this is a question of law, that that is a question of law, all the specific arguments that he's making is brief, he never raised them to the board. Sorry, I lost my train of thought as far as the remainder of your question. I think really you don't need... Well, basically the petitioner claims that you forfeited any exhaustion argument by failing to raise it when this case was previously before this court. That doesn't really make any procedural sense because we remanded this case to the board for other reasons and so in a remand motion you're not briefing the facts or the merits of the case, it wouldn't matter one way or the other because we said the board needs to look at this again. There was no, you know, time for us to raise any arguments there because that's not the point of a remand motion. So if we were to, hypothetically, if we were to accept petitioner's argument as to why we would have jurisdiction, are we creating a country road or a freeway into piercing jurisdiction? Tell me what you think and the parade of horribles that the petitioner is attempting to create and I'll go back and ask the petitioner that. Your Honor, I think it's very clear that he's raising factual disputes. If you really, really read his arguments, he's really just challenging the facts and labeling them as questions of law. I think if you were to find that he has raised a legitimate question of law, I think the court would need to just address each of those questions and then also still, you could find, well, he raised a question of law but we still need to deny the petition for review. I don't think that that opens the door to jurisdiction for the court to be able to get to the merits of the case. I think it's just limiting the court's jurisdiction to review that one single or multiple questions of law. I think the parade of horribles would be that this would, yes, I think if you found jurisdiction here and said this is a mixed question of law and fact, for example, then I think behind it would come a slew of PFRs where petitioners are arguing that, okay, under these sets of facts, any kind of good moral character finding, the court would have jurisdiction to review it and that's completely undermining Patel, which is good law. And this court's own precedent in Ochoa, which applied Patel to find no jurisdiction to review a procedural motion that was connected to, I think it was a hardship or a cancellation removal denial. So I think it would be, sorry, go ahead. No, you go. I interrupted you, so finish and then I'll, I have a question for you. I'm finished, your honor. Thank you. So tell me how you read the record in terms of petitioners claiming that there was reliance on the written document where he doesn't mention all his marriages. How did, how do you read the record in terms of whether that was considered in terms of determining the false testimony? It wasn't that that specific reason merely supported the false testimony finding. The false testimony is when he said, no, I didn't enter into two sham marriages. That was the false testimony finding. Then the court or the immigration judge and the board took into consideration, well, why is that false testimony? One of the reasons was, as I said earlier, is he couldn't remember the last name of his second wife. Another reason is because his son couldn't remember the second wife and he allegedly, she allegedly lived with them for about 18 months during the marriage. So that was supporting the false testimony finding as to the answer to that one question. His, the fact that he omitted the name of his first wife from that was just further supporting like, we don't believe you. We believe that you've entered into these two marriages. They were probably both sham marriages because you're now living with your current or initial first wife, but you failed to list her on the form. It really was just like a supporting factor. It wasn't a finding of, it wasn't a finding of false testimony in and of itself. And even if it was a finding of false testimony, even of itself under Cungus, false testimony doesn't have to be material or the omission doesn't have to be material. So it doesn't really matter either way, but it definitely wasn't in and of itself a finding of false testimony. I think really his argument is premised on a misunderstanding of the agency's decision. And he's labeling it a question of law in order to be able to invoke this court's jurisdiction under 1252 A2D, but really there is no jurisdiction to review any of this because Patel is clearly on point and all of his arguments really are just a dispute about the facts. Let me find out, do either of my colleagues have questions at this point? All right. You're free to use the balance of your time, but we don't have any additional questions. Well, thank you, Your Honor. So for all the reasons stated herein and in our brief and 28J, we ask that this court dismiss the petition for review for lack of jurisdiction. Thank you. Your Honors, the government insists that this is just about factual issues, but no amount of right. We've presented a number of legal arguments in the brief that the government should be engaging with. Well, I guess that's true of both of you. If repeating the same arguments and saying them louder doesn't make them more correct. So if you're repeating the argument that it's not just factual, then tell us why it's not as opposed to just repeating the same argument and saying it louder. Well, Your Honor, again, I don't want to repeat any arguments. I think we're clearly raising the question of whether the BIA applied the wrong legal standard, and I think we're also raising a number of issues related to how the BIA engaged in its fact-finding. This court, in a number of memorandum dispositions since Patel has continued to review, often dismissing on the merits, but reviewing claims that the BIA or the IJ failed to consider evidence, misconstrued the evidence, or failed to provide a reasoned explanation for his decision. So those are legal issues, not factual ones. You expressed concern that allowing review of the decision here would create a freeway or a highway to... Yeah, right. That it's sort of like everyone wants to get past cancellation of removal because it's discretionary. And here, my understanding is here the court didn't get beyond the false testimony, right? So didn't look to the other circumstances. That's correct. The court concluded he was per se incapable of showing good moral character because of the false testimony finding. Just in response to that, it's long been the law in this Court that a Petitioner has to raise a colorable claim of a colorable legal or constitutional claim in order to invoke this Court's jurisdiction. So just slapping a legal or constitutional label on what are purely factual arguments is not going to be enough to open this Court's doors. I also think it's important, though, to consider the alternative. If this Court were to conclude that any factual finding is just completely unreviewable, even if that factual finding embedded legal or constitutional questions. So if, for example, you know, an I.J. made a factual decision on the basis of a, you know, constitutionally protected status, I think this person's giving false testimony because they're a member of a certain racial group or something like that. I think under the government's argument, that would be unreviewable. But I think that would clearly present a that that constitutional question is wrapped up in a factual finding. Well, I don't believe the government, if the record showed that the only reason I think you're a liar is because you're a certain race or a certain gender, I don't believe that the government would say that that would be appropriate. Certainly not appropriate, but reviewable would be a separate question. And I think their reading of Patel would imply that that would be unreviewable. I just want to clarify a couple points about the testimony. The purportedly false testimony was just when Reverend Pereira answered no in response to the question whether he married twice to gain immigration status. For that testimony to have been false, then both marriages, the second and third marriages, would need to have needed to have been sham marriages. Our position is that there is not evidence supporting the conclusion that the second marriage was a marriage entered into for immigration status. As to the third marriage, the BIA has already disclaimed reliance on that third marriage, so I'm not sure how they can continue to maintain that the testimony was false when they've already sort of refused to or said that it was clear error for the IJ to rely on former counsel's concession about that third marriage. As to the son's testimony, our position is that that testimony was grievously misconstrued. It's very confused testimony in which he testified in short order that he, his father was married just the once, then three times, then two times, and one page prior he hadn't remembered his own mother's name. Those are all factors that the IJ and BIA didn't consider in concluding that Reverend Pereira testified falsely when he denied having married twice for status. Your Honor, if the Court has no further questions, we'd ask that you grant the petition and remand to the BIA. Thank you. All right, this matter will stand submitted, and thank you both very much for your helpful argument in this matter.
judges: CALLAHAN, BADE, Antoon